IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAM JONES, #1787475,           § | | |
|     Plaintiff,           § | | |
|                § | | |
| v.           § | | 3:13-CV-1511-N-BK |
|                § | | |
| SHARON KNIGHT, TDCJ Parole           § | | |
| Officer, et al.,           § | | |
|     Defendants.           § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983 against TDCJ Parole Officers Sharon Knight, Dan Bailey, and Tommy Phillips, as well as Detective Adams of the Cedar Hill Police Department. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed as frivolous.

**I. BACKGROUND**

The complaint and answers to the Magistrate Judge's questionnaire assert Defendants maliciously prosecuted Plaintiff, a registered sex offender, for failing to report in person a change of address to the local law enforcement authority seven days before moving to his new residence. (Doc. 3 at 7, 12, 20-24; Doc. 9 at 3). Plaintiff claims intentional infliction of emotional distress and violations of the Fourth and Fourteenth Amendments and his due process rights. (Doc. 3 at 7, 24-25). Specifically, Plaintiff asserts the failure-to-register charge "was initiated in bad faith," caused him "unbearable shame and humiliation," and subjected him to "absolute terrorism and mental anguish." (Doc. 3 at 12; Doc. 9 at 2, 3). Furthermore, he states the bogus charge "literally drove plaintiff insane . . . causing him to commit the offense that he is

now in prison for" life.  (Doc. 9 at 3).  Plaintiff seeks declaratory, injunctive, and monetary relief.  (Doc. 3 at 25-26).[1]

In January 2011, Plaintiff allegedly called the Dallas Police Department (DPD) sex offender registration division to inquire how to change his address from Dallas to Cedar Hill, effective February 1, 2011.  (Doc. 3 at 10).  A DPD voice message allegedly instructed him that his parole officer (then Defendant Knight) must fax an approval before he could change residences.  *Id.*  After requesting Defendant Knight to fax the change-of-address approval and receiving assurance that she would do so, Plaintiff moved into his new Cedar Hill home.  *Id.*  On July 26, 2011, however, while reporting to DPD for his annual in-person registration, Plaintiff discovered that neither Defendant Knight nor his current parole officer (Defendant Bailey) had faxed the required approval of change of address.  *Id.* at 10-11.  Because Plaintiff had been living at an unregistered address for over five months, DPD and the Cedar Hill Police Department (CHPD) threatened to imprison him for failing to register.  *Id.* at 11-12.

During the next four weeks, Plaintiff allegedly called Defendants Knight and Bailey repeatedly begging them to rectify the misunderstanding regarding the failure to fax the change-of-address approval.  (Doc. 3 at 12).  Defendants Knight and Bailey, however, refused to call Detective Adams to inform him of the "mix up in communication between" them and acknowledge their mistake.  *Id.* at 12-15.  According to Plaintiff, Defendants Knight and Bailey obstinately declined to take responsibility for their error.  *Id.* at 15-19.  Meanwhile, Detective Adams continued to investigate Plaintiff's alleged failure to register, and repeatedly questioned Plaintiff about his version of the events.  *Id.* at 14-19.  Then, on August 25, 2011, ostensibly due

---

[1] The typewritten *Complaint* attached to the section 1983 form is in essence identical to the *Declaration* attached to the *Answer to Magistrate Judge's Questionnaire*.  (Doc. 3 at 6-26; Doc. 9 at 10-24).  Thus, the Court will refer only to the former.

to the increased "mental pressure and stress" caused by the Defendants, Plaintiff lost his "composure during an argument" with his girlfriend and began fighting with her. (Doc. 3 at 19). Eventually, they were both arrested and charged with misdemeanor assault, and Defendant Adams filed the failure to register charge. *Id.*

Then, on August 29, 2011, Plaintiff was arrested for aggravated assault with a deadly weapon. *See State v. Jones*, No. F11-14842. A grand jury later returned indictments for both aggravated assault and failure to register. (Doc. 9 at 2). Ultimately, Plaintiff was convicted of aggravated assault and sentenced to life imprisonment, and the failure-to-register case was dismissed on the State's motion. *Id.* The motion acknowledged that "prosecution of the case could not be justified" in light of the "the costs of returning the Defendant to Dallas to stand trial, coupled with the fact that any sentence imposed in th[e] case would not in all probability increase the time he is presently serving." *See State v. Jones*, No. F11-14838 (Motion/Order filed on Apr. 27, 2012).[2]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

---

[2] The above information was verified through docket sheets and electronic documents available on the Dallas County internet webpage.

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-563 (2007).  And a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

   The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

   Insofar as Plaintiff alleges Defendants violated his Constitutional rights by engaging in malicious prosecution, his claim fails as a matter of law.  "[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [i]s not viable."  *See Cuadra v. Houston Indep. School Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2972 (2011).  Rather, the plaintiff "must allege 'that officials violated specific constitutional rights in connection with a malicious prosecution.'"  *Id.* at 812 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)).  Here, Plaintiff fails to make any specific claims as to how the Defendants allegedly violated his constitutional rights.  He speculates at length as to Defendants' knowledge of "the truth," their "corrupt" intentions, and supposed motivations to "railroad" him back to prison.  (Doc. 3 at 18-20).  His accusatory statements, however, include only a brief, conclusory mention of alleged constitutional violations, twice mentioning the Fourth and Fourteenth Amendments and due process of law.  *Id.* at 24-25.  Apart from that, the complaint is devoid of allegations

reasonably suggesting any possible constitutional violation in connection with his alleged malicious prosecution.

While a plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint in this case fails to present more than "naked assertion[s]" devoid of "further factual enhancement," *id.* at 557, the complaint fails to state a claim to relief that is plausible on its face. *Id.* at 570.

Moreover, a grand jury indictment breaks the chain of causation for an allegedly false arrest or unreasonable seizure claim, "insulating the initiating party." *Cuadra*, 626 F.3d at 813. Here, Plaintiff's mere allegations of "taint," without more, are insufficient to raise any potential Fourth Amendment violation. *Id.* Therefore, Plaintiff's malicious prosecution claims lack any legal basis or fail to state a claim upon which relief may be granted.[3]

Finally, insofar as Plaintiff contends that Defendants Knight and Bailey were negligent in failing to fax the change-of-address approval and, later, in refusing to admit their mistakes, his claim fares no better. Negligent conduct in and of itself does not rise to a constitutional violation and, thus, it is not actionable under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Therefore, Plaintiff's section 1983 claims should be dismissed with prejudice.

Having recommended dismissal of all federal claims, the Court should decline to exercise supplemental jurisdiction and dismiss also Plaintiff's state tort claims for intentional infliction of

---

[3] Plaintiff alleges that Defendant Adams intentionally manipulated evidence submitted to the grand jury regarding the frequency Plaintiff was required to register as a sex offender with the local law enforcement agency. (Doc. 3 at 23). While Plaintiff claimed he was only required to register annually, Defendant Adams contended that Plaintiff was required to register every 90 days. *Id.* However, the resolution of this point is irrelevant because Plaintiff was indicted for failing to register an intended change of address seven days before moving. Moreover, regardless of what the voicemail at the DPD sex offender registration division may have instructed him to do, it remains clear that Plaintiff illegally resided at the new, unregistered Cedar Hill address for over five months.

emotional distress without prejudice.  *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").  Plaintiff will have 60 days from the date this recommendation is accepted to re-file his state claims against Defendants in state court.  *See* TEX. CIV. PRAC. & REM. CODE § 16.064(a) (West 2013).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's section 1983 claims be DISMISSED with prejudice as frivolous or for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and that his state-law claims be DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).  The dismissal under sections 1915(e)(2)(B) and 1915A(b) will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

SIGNED June 24, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE