IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAM JONES, #1787475,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-1511-N-BK |
| | § | |
| SHARON KNIGHT, TDCJ Parole<br>Officer, et al.,<br>    Defendants. | §<br>§<br>§<br>§ | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a *pro se* litigant, sued three parole officers and a detective for malicious prosecution and intentional infliction of emotional distress under 42 U.S.C. § 1983. The United States Magistrate Judge recommended that Plaintiff's section 1983 claims be dismissed as frivolous or for failure to state a claim, and that his state-law claims be dismissed without prejudice. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

At the outset, Plaintiff "contends that nowhere in his complaint nor in his Answers to the Magistrate Judge's questionnaire did [he] assert that Defendants maliciously prosecuted him for failing to report in person a change of address seven days before moving." (Doc. 13 at 3). Instead,

> What he asserted was that he was maliciously prosecuted by the Defendants initiating a criminal proceeding against him without probable cause and in bad faith due to their failure to disclose to the police their mistake not faxing the Dallas Police Department (DPD) approval of plaintiff's change of address as they were required by DPD policy to do and [as they] had assured plaintiff that they would do.

*Id.* Plaintiff reiterates at length, throughout his objections, that "Defendants [parole officers] didn't disclose to [the] authority the 'truth' about their failure to fax the Dallas Police

Department (DPD) plaintiff's change of address." *Id.* at 6.  In addition, according to Plaintiff, Detective Adams, who allegedly joined in the malicious prosecution and learned of the "patently exculpatory evidence[,] deliberately fail[ed] to disclose it to the prosecutor." *Id.* at 7.

Plaintiff overlooks, however, that the indictment, charged him with failing "to report <u>in person</u> an intended change of address with the local law enforcement authority" seven days before moving to his new residence. *See State v. Jones*, No. F11-14838 (203rd Judicial District Court, Dallas County, Dec. 8, 2011) (electronic copy of the indictment available on the Dallas County internet page).  Defendants' alleged failure to fax the change-of-address approval and, later, to admit their mistakes is entirely separate from Plaintiff's own duty to report *in person* an intended change of address and, thus, irrelevant to the disposition of his malicious prosecution claim.

Accordingly, Plaintiff's objections are overruled, and the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED with prejudice as frivolous or for failure to state a claim on which relief may be granted, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and that his state-law claims are DISMISSED without prejudice, *see* 28 U.S.C. § 1367(c)(3).

IT IS FURTHER ORDERED that the dismissal under sections 1915(e)(2)(B) and 1915A(b) will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

---

[1] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court CERTIFIES that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). In support of this finding, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Based on the above Order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

SO ORDERED this 24th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE